UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

| | |
|---|---|
| Jeffrey Smith, et al., | ) |
| Plaintiffs | ) |
| v. | ) Case No.: 3:19-cv-30145-MGM |
| | ) Judge Mark G. Mastroianni |
| UNITED STATES OF AMERICA, et al., | ) |
| Central New England Ag Services Inc<br>c/o its statutory agent<br>Donald Chase<br>39 Timber Ridge<br>West Springfield, MA 01089 | ) **FIRST AMENDED COMPLAINT** |
| New Party Defendant | ) |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiffs, Jeffrey Smith and Kerry Smith, by counsel, for their First Amended Complaint against the Defendants, United States of America, Chase Enterprises Corp. and Donald R. Chase and new party defendant Central New England Ag Services Inc. stating as follows:

## INTRODUCTION

1.  This is an action against the Defendant United States of America under the Federal Tort Claims Act(28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for negligence for parking an HH-60M [medevac] Blackhawk helicopter (hereinafter "the Blackhawk") in the middle of a marked and active snowmobile route at dusk in Worthington, Massachusetts by soldiers from Delta Company, 3-10th General Support Aviation Battalion, 10th Mountain Division (Light Infantry), Fort Drum, New York.

1

2. The claims herein are brought against the Defendant the United States pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(l), for money damages as compensation for personal injuries caused by the Defendant's negligence.

3. Claims brought against Defendants Chase Enterprises Corp., Donald Chase and Central New England Ag Services Inc are brought pursuant to 28 U.S.C. §1367(a).

4. Plaintiffs Jeffrey Smith and Kerry Smith have fully complied with the provisions of 28 U.S.C. § 2675 of the Federal Tort Claims Act. See, Standard Form 95 filed on April 18, 2019, attached to their original complaint as ECF Doc. No. 2-1 and incorporated by reference.

5. ███ Smith and ███ Smith are the minor children of Kerry Smith and Jeffrey Smith.

6. This suit has been timely filed against the United States, in that Plaintiffs Jeffrey Smith and Kerry Smith timely served notice of their claim on both the Department of the Army less than two years after the snowmobile crash forming the basis of this suit.

7. Plaintiffs Jeffrey Smith and Kerry Smith are now filing this First Amended Complaint pursuant to 28 U.S.C. § 2401(b) after the passage of six months without any word concerning their claim (not even an acknowledgement of the claim or the green card) by the Department of the Army.

///

///

## PARTIES, JURISDICTION AND VENUE

8. Plaintiffs Jeffrey Smith and Kerry Smith are, and at all times relevant hereto were, residents of Hampshire County, Massachusetts.

9. Defendant United States of America, through its agency, the Department of the Army, operates the Delta Company, 3-10th General Support Aviation Battalion, 10th Mountain Division (Light Infantry), Fort Drum, New York, hereinafter collectively referred to as "Aviation Battalion."

10. At all times relevant to this First Amended Complaint, the "Aviation Battalion" owed a general duty of care to all members of the public in the vicinity of its operations on open public lands, including the Plaintiffs.

11. At all times relevant to this First Amended Complaint, the pilots, airmen, officers, operators, employees, agents, and staff of the Aviation Battalion were employed by and/or acting on behalf of the United States. Furthermore, the United States is responsible for the negligent acts of their employees and agents under *respondeat superior*.

12. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

13. Venue is proper under 28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Western District of Massachusetts.

## COMMON FACTUAL ALLEGATIONS

14. Sometime prior to March 12, 2019, Chief Warrant Officer 4 Benjamin Foster of the Aviation Battalion sought permission of Donald Chase, Chase Enterprises Corp.

and/or Central New England Ag Services Inc. to land the Blackhawk helicopter at a private airstrip in Worthington, MA designated in the Federal Aviation [FAA] Airport/Facilities Directory as MA88 ("Albert Farms Airfield").

15. The FAA Airport/Facilities Directory list "BEN ALBERT" as the owner and manager for MA88, Albert Farms Airfield. The phone number for Mr. Albert listed in the directory on or about March 12, 2019 was 413-238-5521. Airport Master Record for MA88, Albert Farms Airfield as of April 10, 2019, attached to the original complaint as ECF Doc. No. 2-2 and incorporated by reference.

16. Mr. Albert died on September 18, 2014 and calls to 413-238-5521 on or about March 12, 2019 would have reached a recording indicating that the number was disconnected.

17. The information on the Airport Master Record for MA88 (Albert Farms Airfield) was last updated with the FAA on December 1, 1993. ECF Doc. No. 2-2 at block 113. At that time 3 single engine fixed wing aircraft were based at Albert Farms. ECF Doc. No. 2-2 at block 90. Using data from the commercial service FlightAware, there have been no aircraft landings at MA88 for the past 10 years. Email of May 30, 2019 from Myles Dinn, attached to the original complaint as ECF Doc. No. 2-3 and incorporated by reference.

18. Chase Enterprises Corp. and/or Central New England Ag Services Inc. purchased the Albert Farms (including the abandoned airfield) from Ben Albert on or about May 17, 2007. At no time since its purchase of Albert Farms did Chase Enterprises Corp. and/or Central New England Ag Services, Inc. request that the FAA remove MA88 from the FAA's Airport/Facilities Directory.

19. Instead when Donald Chase, the shareholders and officers of Chase Enterprises Corp. and/or Central New England Ag Services Inc. was contacted by Chief Warrant Officer 4 Foster, Donald Chase agreed to let the U.S. Army land a Blackhawk Helicopter at Albert Farms for night vision training purposes.

20. At the same time Donald Chase, Chase Enterprises Corp. and/or Central New England Ag Services had given permission to the Worthington Snowmobile Club to use the same land for snowmobiling.

21. By 6:30 p.m. Eastern Daylight Time on March 12, 2019, Chief Warrant Officer 4 Foster landed the camouflaged Blackhawk helicopter at the abandoned aviation strip on Albert Farms.  Neither the Chief Warrant Officer, nor any of his crew did anything to make the Blackhawk helicopter visible to other aircraft nor to other vehicular traffic in the vicinity of Albert Farms Airfield.

22. On March 12, 2019 the end of civil twilight and the beginning of night was 7:22 p.m. Eastern Daylight Time.  There was also a waxing crescent with 32% of the moon's visible disk illuminated if the moon were visible under the partly cloudy sky. Sun and Moon Data for March 12, 2019, Worthington, MA, attached to the original complaint as ECF Doc. No. 2-4 and incorporated by reference.

23. Chief Warrant Officer Foster and his crew were preparing to train with night vision equipment and intended to leave Albert Farms within a half hour of sunset.

24. At approximately 7:40 p.m. Eastern Daylight Time, Jeffrey Smith was proceeding at 50 miles an hour down the marked snowmobile trail when he saw the unmarked, unlighted, camouflaged Blackhawk helicopter in the middle of the marked snowmobile trail—30 to 40 feet in front of him.  Jeffrey Smith braked and turned

sharply to the right in an effort to avoid the helicopter, but he impacted the outer end of the rear horizontal stabilizer causing serious and permanent injuries to himself.

## CAUSES OF ACTION

### COUNT I
### NEGLIGENCE AS TO THE UNITED STATES

25. Plaintiffs Jeffrey Smith and Karry Smith reallege and reincorporate each and every allegation above as if fully set forth herein.

26. The Defendant, United States, owed the Plaintiffs a duty of ordinary care to keep them safe from harm, not create hazards on the airfield, or if the hazard could not be mitigated to warn the users of vehicles, including snowmobiles, of the hazards of the danger.

27. The Defendant, United States, breached their duty of care to the Plaintiffs.

28. At all times relevant to this First Amended Complaint, the employees, agents, pilots of the Defendant United States were negligent in their conduct at Albert Farms Airfield for reasons including but not limited to:

    a) Parking the camouflaged Blackhawk helicopter in the middle of an airfield;

    b) Parking the camouflaged Blackhawk helicopter in the middle of an active snowmobile trail;

    c) Failing to illuminate the camouflaged Blackhawk helicopter in a manner so that it was visible to other users of Albert Farms Airfield, including users of the snowmobile trail;

    d) Failing to warn users of the snowmobile trail of the presence of camouflaged Blackhawk helicopter;

    e)    Failing to notify members of the Worthington Snowmobile Club of their intentions to use the snow-covered abandon airfield as a landing zone;

    f)    Failing to notify members of the Worthington Snowmobile Club of their intentions to use the snow-covered abandon airfield as a helipad;

    g)    Requesting permission of someone other than the registered airfield manager to land the helicopter at Albert Farms Airfield;

    h)    Using the runway on a charted airstrip as a helipad.

29.    As a direct and proximate result of the United States' negligence, Jeffrey Smith sustained serious and permanent personal injuries in and about his body; he has incurred substantial medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

30.    The acts and/or omissions set forth above would constitute a claim under the law in the Commonwealth of Massachusetts.

31.    The Defendant, United States, is liable pursuant to 28 U.S.C. 1346(b)(l).

### COUNT II
### NEGLIGENT, WANTON AND/OR RECKLESS CONDUCT BY DONALD CHASE, CHASE ENTERPRISES CORP. AND/OR CENTRAL NEW ENGLAND AG SERVICES INC.

32.    Plaintiffs Jeffrey Smith and Kerry Smith reallege and reincorporate each and every allegation above as if fully set forth herein.

33. The Defendants, Donald Chase, Chase Enterprises Corp. and Central New England Ag Services, Inc., owed the Plaintiffs a duty to refrain from negligent, wanton and/or reckless conduct that would endanger the safety of Jeffery Smith and other lawful visitors to their land.

34. The Defendant, Donald Chase, Chase Enterprises Corp. and Central New England Ag Services Inc., breached their duty of care to the Plaintiffs.

35. At all times relevant to this First Amended Complaint, Donald Chase, Chase Enterprises Corp. and/or Central New England Ag Services Inc. were negligent, wanton and/or reckless for reasons including but not limited to:

   a) Permitting the Worthington Snowmobile Club to use Albert Farms Airfield as a snowmobile trail—while at the same time permitting the United States Army to land a helicopter at the airfield;

   b) Failing to warn the United States Army that there were snowmobilers in the vicinity of Albert Farms when they gave permission to the Army to land a helicopter;

   c) Failing to warn users of the Worthington Snowmobile Club and other users of the snowmobile trail that snowmobile trails should be closed because the abandoned airfield was going to become an active runway;

   d) Failing to exercise dominion over the trail and close the trail to all snowmobile operations while the Army used the abandoned airfield as a landing zone; and,

   e) Failing to notify the FAA that Albert Farms Airfield was no longer an active airfield and requesting removal of the site from the Airport/Facilities Directory.

36. At all times relevant to this case, Donald Chase, Chase Enterprises Corp. and/or Central New England Ag Services, Inc. were actually aware that death or grave

bodily injury could result if a snowmobile collided with an aircraft on an active runway. Further the Chase Defendants were aware that allowing an aircraft to land on an active snowmobile trail presented a high degree of probability that substantial harm will result to the snowmobile rider, the pilot or the passengers of the aircraft.

37. As a direct and proximate result of the United States' negligence, Jeffrey Smith sustained serious and permanent personal injuries in and about his body; he has incurred substantial medical expenses, and other damages, and will continue to incur medical expenses, and other damages in the future; he was forced to endure pain, suffering and mental anguish, and will continue to endure pain, suffering, and mental anguish in the future; he has suffered a loss of the enjoyment of life, and will continue to suffer a loss of the enjoyment of life in the future; and he has lost wages, and will continue to lose wages in the future.

### COUNT III
### LOSS OF CONSORTIUM AS TO ALL DEFENDANTS

38. Plaintiffs Jeffrey Smith and Kerry Smith realleges and reincorporates each and every allegation above as if fully set forth herein.

39. As the result of the negligence, reckless and wanton conduct of the Defendants their employees, agents and for those whose actions it is responsible for the Plaintiffs, ███ Smith and ███ Smith, as children of Jeffrey Smith, suffered a loss of society and companionship with their father.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, Jeffrey Smith and Kerry Smith, hereby pray that judgment be entered in their favor and against the Defendants as follows:

1) An award of monetary damages to cover Jeffrey Smith's medical expenses, lost wages, pain and suffering, future impairment, and loss of enjoyment of life;

2) An award of monetary damages to cover ▇▇▇ Smith and ▇▇▇ Smith's loss of parental consortium and loss of enjoyment of their father, Jeffrey Smith; and

3) Costs and attorneys' fees incurred in this civil action, together with such further and additional relief at law or in equity that this Court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby make demand for trial by jury on all issues so triable.

Respectfully submitted,

Jeremia Pollard
MA Bar No. 643382
**Hannon Lerner, P.C**.
184 Main Street
Lee, Massachusetts 01238
Phone: (413) 281-6225
jpollard.hannonlerner@gmail.com

and

_____/s/ Douglas Desjardins_____
Douglas Desjardins
*Pro Hac Vice* Pending
**Pangia Law Group**
1717 N St., NW, Suite 300
Washington, DC  20036
Phone: (202) 638-5300
dpd@pangialaw.com

10

**CERTIFICATE OF SERVICE**

I certify that on this 16th day of December, 2019, I mailed a true copy of the foregoing First Amended Complaint upon the parties of this action via USPS mail, postage prepaid, to the following:

L. Jeffrey Meehan
One Monarch Place
Suite 1900
Springfield, MA 01144-1900

*Attorney for Chase Enterprises Corp. and Donald Chase*

Hon. Andrew E. Lelling
U.S. Federal Courthouse
1 Courthouse Way
Boston, MA 02210

Hon. William Barr
U.S. Department of Justice
950 Pennsylvania Ave, NW
Washington, DC 20530


This the 16th day of December, 2019

          ___/s/ Douglas Desjardins_____
          Douglas P. Desjardins
          *Pro Hac Vice, Attorney for Plaintiff*
          PANGIA LAW GROUP
          1717 N St., NW
          Suite 300
          Washington, DC 20036
          Phone: (202) 638-5300
          dpd@pangialaw.com